No. 67975.—Calif. Floral Mfg. Co. v. United States, protests 61/19702, etc. (Los Angeles).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of rice paper similar in all material respects to that the subject of *Floral Arts Studios et al.* v. *United States* (49 Cust. Ct. 43, C.D. 2359), the claim of the plaintiff was sustained.

No. 67976.—Grayblock Ribbon Co. and Wood Niebuhr & Co. et al. v. United States, protests 297264–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of nylon ribbon and that the items marked "A" are similar in use to silk pile ribbon, the claim at 25 percent ad valorem under paragraph 1206, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), or at 23½ or 22½ percent, depending upon the date of entry, under said paragraph, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108), was sustained. The items marked "B," stipulated to be similar in use to fabrics, with fast edges, not over 12 inches wide, wholly or in chief value of silk, were held dutiable at 22½ percent under paragraph 1207, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), or at 21 or 20 percent, depending upon the date of entry, under said paragraph 1207, as modified by T.D. 54108, as claimed. *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727), followed.

No. 67977.—Anglo Fabrics Co., Inc. v. United States, protest 59/30533 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of sewing nylon threads similar in use to sewing silk threads and following the principles set forth in *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727). the claim of the plaintiff was sustained.